IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AVIATION TRAINING DEVICES, INC., <br><br> Plaintiff, <br> v. <br><br> FLIGHTSAFETY SERVICES CORPORATION, <br><br> Defendant. | Case No. 19-cv-00215-JFH-FHM |

## OPINION AND ORDER

This matter comes before the Court on Defendant FlightSafety Services Corporation's Motion to file Surreply to Plaintiff's Reply in Support of its Motion for Reconsideration. Dkt. No. 72. For the reasons set forth below, the Court grants Defendant's Motion.

On May 20, 2020, the Court entered an Opinion and Order denying Plaintiff's Second Application for Leave to File Second Amended Complaint [Dkt. No. 50]. Dkt. No. 61. Plaintiff moved for reconsideration of that Opinion and Order on June 15, 2020. Dkt. No. 65. Briefing on the Motion for Reconsideration was complete on July 16, 2020. Dkt. No. 71. On July 24, 2020, Defendant moved for leave to file a surreply. Dkt. No. 72.

The decision to grant leave to file a surrelpy is within the discretion of the district court. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Id.* However, if the district court does not rely on the new material in reaching its decision, "it does not abuse its discretion by precluding a surreply." *Id.* "Material," for purposes of this framework, includes both new evidence and new legal arguments. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003).

In this case, Plaintiff relied upon newly obtained deposition testimony in its Reply in support of the Motion for Reconsideration.[1] Dkt. No. 71 at 4-6; Dkt. No. 71-1 at 1-16. The deposition testimony was not cited in or attached to Plaintiff's initial Motion to Reconsider. *See generally* Dkt. No. 50. Now, Defendant seeks to file a surreply, offering evidence to rebut the new testimony. Dkt. No. 72. In opposing Defendants request for leave to file a surreply, Plaintiff argues that such rebuttal evidence is not relevant. Dkt. No. 73. However, Plaintiff does not articulate any reason why Defendant should not be afforded an opportunity to address the material presented for the first time in Plaintiff's Reply.

**IT IS THEREFORE ORDERED** that Defendant FlightSafety Services Corporation's Motion to file Surreply to Plaintiff's Reply in Support of its Motion for Reconsideration [Dkt. No. 72], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall file its surreply no later than October 13, 2020.

Dated this 29th day of September 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] While Plaintiff states in its Reply that the deposition at issue was taken on June 10, 2020 (approximately five days before the Motion to Reconsider was filed) Plaintiff also states that the deposition was taken less than a week prior to the filing of its Reply, which was filed July 16, 2020. Dkt. No. 71 at 4 and at 4 n. 1. Accordingly, it appears that the deposition was taken on July 10, 2020 rather than June 10, 2020.